Good morning, folks, and welcome to our court. Two brief observations for those of you who may not have appeared in our court before that I wanted to make, and we'll proceed with the first of the cases. As you proceed with your argument, you can safely assume that we've had an opportunity to read not just the briefs and the record excerpts, but in some instances, we've had a chance to read the record, the entire record as well. So feel free to go right to the heart of your argument. Second, for those of you unfamiliar with our lighting system, there's sort of a timekeeper. There is a green light, which means, of course, go. There's yellow or amber, which is a two-minute warning, and the red light indicates your time is up. When you see that red light come on, we'd be appreciative if you could bring your remarks to a conclusion. It doesn't mean you've got to stop dead in the middle of a sentence or a thought, but if you could bring it to a conclusion, we'd be much appreciative. With that, we will proceed with the first argument, United States v. Jasmine Brown. Good morning. Conrad Kahn on behalf of the appellant, Jasmine Rakeem Brown. With me at counsel's table is Rosemary Cacmus. The issue in this case is whether the district court erred in denying Mr. Brown's request for a resentencing hearing when the sentence on his sole count of conviction was vacated. He requested such a hearing. However, the district court denied that request. Instead, it imposed a 24-month upward variance to the statutory maximum without a hearing and without any explanation for the variance. Just a quick question. Is the resentencing issue presented in both appeals? We have these two appeals, and I'm just trying to figure out where that issue is located. It's presented in two appeals. It's presented in both appeals, and I don't think we had to file a COA to be clear. This court's precedent and precedent from the Fourth and Sixth Circuits does suggest that the issue of the form of relief granted under 2255B is something that affects and relates to the criminal case. Therefore, a COA wouldn't necessarily be required in our view, but we did get the COA in an abundance of caution since this court hasn't directly spoken to the issue of whether the form of relief under 2255B is part of the civil case or the criminal case. It just seems to me, and maybe it's neither here nor there because you've got both appeals, but the resentencing claim is more at home in the appeal from the subsequent sentence than it is in the 2255 or in the COA appeal. I agree with that, Your Honor. It was something we did in an abundance of caution. It doesn't affect your analysis in any way, does it? No, Your Honor. When a district court grants a 2255 motion, Section 2255B requires that a district court first vacate and set aside the judgment and then grant one of four forms of relief as may appear appropriate, including a resentencing hearing or a correction of the sentence. Here, a plain reading of the record shows a district court complied with the first step. It vacated and set aside Mr. Brown's sentence. Indeed, the amended judgment states Mr. Brown's sentence was vacated. The question here is whether the district court erred by denying Mr. Brown a resentencing hearing. The answer is yes, for two reasons. First, under this court's precedent, Mr. Brown had a constitutional right to a resentencing hearing because his entire sentencing package was vacated and set aside and the district court had the discretion to impose a different or lesser sentence. Can you tell me what that phrase means? I've got to tell you, I have no idea what it means. Entire sentencing package? The sentencing package is just the aggregate of the sentence. Whether it's a multi-count case or a single-count case, it's the package of sanctions imposed on a defendant. It includes the term of imprisonment, the term of supervised release, any restitution, a fine, special assessment. It's just a package of sanctions. Is the entire sentencing package vacated when an appellate court reverses or vacates and remands for a resentencing? That's how it happened in Jackson, right? Correct. It can be when an appellate court vacates an entire sentencing package. It can be when a district court does it in a section 2255 motion. The idea is that whether it's a multi-count case or a single-count case, the slate has been wiped clean. There's nothing left on the books. We are back at square one, and the defendant stands in the shoes of someone who's never been sentenced before. All his due process rights that he would have in initial sentencing re-inert to the benefit of the defendant. That's the idea. That's the logic of the cases as I read them. We have a case out there, US v. Taylor, if you could help me with that. An interesting case. There's a lot of dicta in it. I want you to tell me what's binding, what isn't, and what kind of light does it cast on this case? I think Taylor supports Mr. Brown. There was a section 2255 motion. That's the same as this, as opposed to it coming up under federal rules of criminal procedure. Correct. Just to be clear, they just talk about in Taylor this idea that you could treat it as a Rule 35 motion. The district court had that option. That option is no longer available. That version of Rule 35 was repealed as part of the Sentencing Reform Act. Just in case there's any confusion in reading the case. Taylor supports Mr. Brown. One, it's a 2255 motion. Two, it's a single-count case. The reason I raise it is there is a reference in Taylor where a panel of this court says the district court actually was not required to vacate the sentencing package in its entirety and schedule a rehearing and that it could instead have entered an order simply amending the sentence. For the proposition that a resentencing hearing was not necessary, we cited to Hill, an older Supreme Court case in 1962 where the sentencing error arose under Rule 32. What significance of any are we to attach to what I think is no more than dicta? Not only is it dicta honor, it's not even something that can be applied to this case. The old version of Rule 35 prior to the Sentencing Reform Act stated that an illegal sentence may be corrected at any time, which no longer exists. Supreme Court precedent at the time stated that because of that language, a district court had the option to treat a 2255 as a sentencing modification, a sentence modification motion, which would not require the complete vacater of a sentence, only a modification of a sentence. That option is no longer on the table. Furthermore, the district court did vacate Mr. Brown's sentence. The difference there was procedural posture in which it arose. Correct. They seem to say you didn't have to give him a hearing, but having given him one, he had to give him the right to be present. To be clear, two things. One, when they talk about the option there, it was about the difference between treating it as a Rule 35 or a 2255. That was the option. If you look at the cases cited at Savaios . . . Procedurally, it does arise as a 2255. Correct. That's why I reference it for you. The second point you bring up is the fact that Mr. Taylor did get a resentencing hearing by the district court, but that was not critical to the Taylor court's decision. The Taylor court cites Jackson for the proposition that the right to be present when your entire sentencing package is vacated and set aside is constitutionally based. It frames the issue and the holding in terms of the fact that Mr. Taylor's entire sentencing package is vacated. The fact that Mr. Taylor was afforded a vacater and a remand from this court wasn't because the district court happened to schedule a resentencing. It was because his entire sentencing package was vacated and set aside. He doesn't have the right to be present on every 2255. That's correct. What's the difference? The difference . . . When does it fall on one side of the aisle and when on the other? In Parrish, for example, another 2255, we say that he didn't have a right to be present. The difference between a resentencing and a correction goes to what are we doing to the original judgment? Are we wiping it off the books? Are we starting over? Then that's a resentencing and the defendant has a due process right. If we're only vacating part of the sentence or if it's just a ministerial act, that's a correction because we aren't taking the original sentence completely off the books. We're just modifying it. That has different constitutional significance. That would be the difference between a resentencing and a correction. Because this was a complete vacater of Mr. Brown's sentence, he had the right to be present at a resentencing hearing. That's the first reason why this was an error. The second reason why it was an error is even assuming the district court had the discretion to choose between a correction and a resentencing, which we submitted didn't have that discretion, but even if it did, it was still not an appropriate remedy given the facts of this case. Mr. Brown's original sentencing hearing lasted eight minutes because everyone agreed he should be sentenced to the mandatory minimum under the ACCA. Now, years later, there's a different statutory range, a different guideline range. The court can meaningfully consider the 3553A factors. Given this context of what happened originally and how much has changed, the only appropriate thing to do here was to afford Mr. Brown a resentencing hearing. Mr. Khan, as I understand the statement of reasons in the resentencing, Mr. Brown's new guideline range was 77 to 96 months, is that? That's correct, Your Honor. How many months has he served? He served more than 96. His current release date is October of 2019. I'm not sure how that works in terms of gain time, but I'm confident in saying he served more than the top end of his guideline range. If the court has no further . . . The irony would be if we agreed with your position and we said the district court was obliged because it was a complete vacator to give him the right to be present, we vacated the sentence and sent it back. It would, if anything, only prolong. I suppose you'd go to the district court and seek provisional release pending the resolution of the sentence. The irony is that he would stay still longer. Unfortunately, that . . . It's incumbent upon us to resolve this thing quickly, it seems to me, but I'm just raising that question in terms of the relief that you're seeking here. This court were to grant Mr. Brown relief, the person . . . If we denied relief in one line, he'd be cut loose immediately. No, Your Honor. If you guys denied Mr. Brown relief here, I think you'd have to finish the balance of his . . . Oh, okay. The balance would be how much, just so I'm aware of the time? His current release date is October 2019. Okay, I've got it. I think my time has expired. Thank you. Thank you. May it please the Court, Michelle Taylor for the United States. Under 2255, district courts enjoy broad discretion in deciding how to fashion an appropriate remedy. Congress expressly gave district courts two different options, the option to correct the sentence or the defendant. Those are two separate alternatives. As I understand, your argument is that this was a correction and not a vacater. Not a resentencing, that's correct, Your Honor. On the judgment that Judge Sharp entered on June of 2016, there's a note that says, on the face of the order signed by Judge Sharp, the defendant was sentenced on May 18th, 2011, which sentence was vacated following the court granting the defendant's motion to vacate under United States Code 2255. Doesn't that contradict your argument? That footnote does appear on the face of the amended judgment, but if you look at the order itself, which was the basis of the district court's ruling, the court's order never vacates and set aside the sentence. The court actually says it's correcting the defendant's sentence. That reference in the amended judgment to the sentence being vacated doesn't show that the court chose the option of resentencing. The court here clearly chose the option to correct. The question is, which of the two remedies under 2255 did the court choose? Did it choose to correct or did it choose to resentence? Is it a correction? He started out with a 180-month sentence, which exceeded the statutory maximum, and then on round two, he changes it, whether you call it a correction or not. He alters the sentence to reflect a revised term of 120 months and directed the clerk to prepare an amended judgment to reflect that change. Didn't he wipe out, in toto, what he did in round one and insert something that was completely different in round two? If that indeed is the case, and then there was an upward variance, why shouldn't he have given the defendant the right to be heard? Your Honor, the court did choose the option here to correct, rather than to erase the whole sentencing proceeding and start with a clear slate. For instance, it didn't order the creation of a new PSR. It didn't take any new evidence. It decided it was just going to grant this limited relief of correcting the defendant's sentence. Now, a correction is not merely a ministerial act, as the defendant had suggested. We can see this, actually, in the Adams case. There, the court corrected the sentence after the vacation of a state conviction that had been one of the predicates for an enhancement. The court corrected the sentence from a 292-month sentence to a 262-month sentence. Let me ask you a question, though, about what the court actually said, the trial court. Do I have this right that the amended judgment said that the defendant's, quote, sentence was vacated? The amended judgment says that . . . Let me finish. The defendant's sentence, quote, was vacated following the court granting his motion under 28 U.S. Code 2255? That's correct, Your Honor. The district court itself chose the language vacator rather than correction or amendation. What significance, if any, are we to ascribe to the fact that the trial judge said he was vacating the sentence? Well, if you actually look at the court's order, I think that's the best evidence of the court's actual intent, because the order says the sentence is corrected. The order is deck nine at four. It doesn't say vacated in the order. Then the order directs the clerk to prepare the amended judgment, and the clerk's amended judgment . . . So you have the judge at one point using the verb correct and at another point using the word vacate. We see vacate in the amended judgment. That's correct. And as between . . . So if it was vacator, you agree you would lose. If it's correct, you say you win. I guess, Your Honor . . . Why are we perseverating over it and not looking at the substance of what really happened here? I think, Your Honor, that's . . . The focal point of our analysis, or at least it ought to be. I think that's correct, Your Honor. And when you look at the substance of what the district court chose to do, the remedy that the court chose was a correction, regardless of what language it happened to appear in that footnote. The order actually says a correction, and what the court did is . . . We've conceded that it said vacator at one point and it says correction at another, and we agree that that shouldn't be the dispositive element. Right. Rather, we ought to be looking at the substance of what he did. Right. That's correct. The substance of what he did is he took a 180-month sentence, wiped it out, started over, and said, now I'm going to give you 120, and I get there with an upward variance. Is that a fair statement of what happened? I would disagree that he started over, because I think if he had started over . . . Forget the started over. He wiped out 180, inserted 120, and said he gets there using quote an upward variance. I think that's correct. In fact, any time a court corrects a sentence, as in Adams, the new sentence replaces the old sentence. The old sentence falls away. That's going to happen even in a sentence correction. It's not dependent on whether the court chooses the remedy of resentencing or not. Here, the court chose this limited relief. Now, in a 2255, the district court is the master of the remedy. To say it's limited relief, I suppose dropping the sentence by a third is more than limited in the sense of relief, and imposing an upward variance to get to 120 is more than a limited moment to the defendant, right? I think that's correct. In fact, I think when the court gave us the recalculated guidelines range, it actually went further than it had to. It didn't even have to recalculate the range in a sentence correction. I cited some of the cases in the 28J letter where the courts had said there's no need in a sentence correction to begin anew, to recalculate the guidelines range. Here, the court did look and say, well, this is the range that applies without the ACCA enhancement, and this is still the sentence that I think is appropriate. I'm going to correct the illegality that the defendant asserted in the 2255 motion. Once I correct that illegality, I'm leaving an 120-month sentence in place. That was entirely appropriate, especially when you look at the defendant's criminal history and the sentencing landscape that this defendant, by pleading . . . Point me in the record to where the judge considered the 3553A factors. Well, the court considered the 3553A factors when it imposed the original sentence. It talked about the defendant . . . No, but I'm talking about on re-sentencing. Do you agree that Judge Sharp didn't talk about the 3553A factors in re-sentencing? The court did discuss some of the 3553A factors in that it . . . Where? It discussed the procedural history in that the defendant . . . Where? Well, in the first paragraph of its order, it describes the three counts the defendant was charged with and the one count he pled guilty to. So, that's the 3553A factors? That shows the court's consideration of the available sentence . . . Did he list the charges? He does list the charge. He also lists the prior convictions, which show the defendant's history and characteristics. I think, to step back for a minute, 3553A, by its term, applies when a court is imposing a sentence. It doesn't expressly apply when a court is deciding to correct a sentence. Now, in that case . . . Which is it? I mean, is your argument that he did consider the 3553A factors or that he didn't because he didn't have to? There's no express statutory command to consider the 3553A factors, but as a practical matter, those factors are certainly the driving force of the court's decision to grant . . . He didn't consider them because he didn't have to. Which is your argument? My argument is that there was no express requirement for him to consider them, but the record shows  Did he or didn't he? He did. The record shows that he took into account, and I think we all know that the driving force . . . I just want to be sure I understand your argument. The thing in the judge's order that demonstrates that he considered the 3553A factors is the first paragraph, where he lists the charges of conviction and the prior convictions. I would say that the way you see the court considered the 3553A factors is not limited to that, but it's the record as a whole. We know the court considered . . . I want a record cite. You're saying just the whole record? Yes, Your Honor. I think we start at the sentencing, and we see that the court considered the 3553A factors there. You're talking about the original sentence?  I'm talking about on re-sentencing. What do I look at? I think the 3553A factors are part of what this court can consider in deciding whether the district court abused its discretion in deciding . . . We consider the 3553A factors. Yes, Your Honor. Where do we look to in the record to see where Judge Sharp considered them? I think you look at the original sentencing transcript. I'm talking about on re-sentencing. Your Honor, it's our position it's not a re-sentencing, so the court didn't need to begin anew with a brand new 3553A analysis. That's why I think the distinction is important here, because when the court is considering whether the court abused its discretion, you don't look at it with the same lenses as you would look at an original sentence, that bifurcated procedural and substantive reasonableness standard. Judge Martin, her question to you, though, is she understands that part of your argument is that he didn't have to reconsider the 3553A factors on re-sentence, but to the extent your argument is that he did, nonetheless, she's just asking for evidence that he did. Well, we can tell one of the 3553A factors, for instance, is the sentence that is available. The court obviously chose under the ACCA, this is the sentence that's now available. We know that the court considered the amended range in this new, because it set forth that in the Statement of Reasons. We know that the court considered the parties' arguments. The defendant's 2255 memorandum discussed the facts of the offense. The United States talked about the fact that this defendant, by pleading guilty to what everybody thought was an ACCA count, escaped a consecutive five-year sentence on the 924C count and a potential exposure to a drug count which would have had a 30-year maximum. All those factors were before the court, and it then exercised its discretion to reduce the defendant's sentence, to remove the statutory error of a sentence that was in excess of the statutory maximum, but to not go further than that and give the defendant, basically, a windfall to go down even further to this new range. On the 3553A issue, is it enough under our cases that A, the parties' motions and briefs on the 2255 discuss the factors, and then that the district court says, I've read the parties' motions and briefs? Yes. If the court's order, for instance, in Eggersdorf, the court's order, because the parties' filings had talked about the 3553A factors, that showed the court's consideration was sufficient. Now, Eggersdorf was a 3582, and that's a little different, because under 3582, there is an express direction that in granting 3582 relief, the court must consider the 3553A factors. You don't see that in 2255. It just says the court has discretion to grant an appropriate relief. And when the very argument that the defendant made in his 2255 motion is that my sentence is illegal because it's in excess of the statutory maximum, it is not an abuse of discretion for the court to fix that very error and say, well, now your sentence is not in excess of the statutory maximum. But I'm not going to go any further than that. I'm not going to start over. I'm not going to order a resentencing. I'm not going to have a new PSR. I'm not going to take new evidence. Just like the Court of Appeals in the Joseph case could fashion a limited remand that didn't require the court to entertain arguments about post-sentencing rehabilitation, the district court, when it is fashioning a 2255 remedy, can say, this is all I'm going to do. I'm not going to go further. Do we know why the district court varied upward here? Did he offer any reason? I think we can tell from the district court's statement of reasons that it intended to correct the statutory error, the extra statutory sentence. Right. But does the district court say in words or substance, I'm varying upwards here. Here's why. I think that's... Because if he did, I couldn't find it. Yeah. I don't think it's expressed. I think it's implicit, though. Everybody knows that the driving force for the district court sentence originally was the defendant's criminal history. Was the defendant given any opportunity to challenge the wisdom of an upward variance? Certainly, Your Honor, the court gave the defendant the opportunity to file a reply. In that reply, if the defendant had wished to argue that 3553A factor is way in favor of the powers . . . No, but he didn't know the judge was going to upwardly vary, did he? No, but court . . . I mean, what I'm simply saying is the judge didn't say, I'm going to upwardly vary. Do you have any comment? He never had a chance to be heard. Maybe the judge was right, well within his discretion, maybe not. He offers no express reason. He varies upwardly, and the defendant is not given the chance to utter one word about it. Well, the defendant actually did have the chance. He asked for leave to file a reply, and the court in granting leave to reply warned him that an order could enter, you know, here's your chance to file a reply, and an order could enter without any further proceeding. In his reply, he chose, instead of talking about the 3553A factors, or even submitting filings that might have shown post-sentencing rehabilitation, as we often see in 3582 proceedings, the defendant instead just insisted on the particular procedure he wanted. He wasn't entitled to that, and the district court did not abuse its discretion in granting relief on the record that it had before it. Let me just ask this sort of one more time in this way. In Jackson, we established the proposition, and I'm quoting from it, that, quote, where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute resentencing requiring the presence of the defendant so long as the modification does not make the defendant guilty. In this case, he was convicted of only one 922 count. The district court had sentenced him to 180. Did not the district court essentially set aside what Jackson characterized as the entire sentencing package, and resentenced him to 120? Isn't that the alteration of the He dumps two. One is still there as an anchor. There's no anchor. All there is is the 922 count, and he comes up with a complete new sentence on the 922. Why isn't that the entire sentencing package being set aside? Your Honor, I see my time has run out. It's not the entire sentencing being set aside because the court didn't decide to begin anew. It didn't set aside the original PSR. It didn't change restitution or forfeiture. It changed just the term of imprisonment. There's no reason to adopt a blanket rule that in single count cases, courts have no authority to correct a defendant's sentence, but in multi-count cases, courts do. That blanket rule has no support in Section 2255, which allows courts to either correct or No, but we've analyzed the cases in terms of there being an anchor. They dumped two counts. One still remained, etc. Our case law certainly suggests that, whether you think it's wise or not. The court, though, of course, only made those comments in multi-count cases, so none of them could be a holding that in a single count case. I agree. There's no holding one way or the other here. And furthermore, in a multi-count case, if you think, for instance, of Adams, where the only remaining count, there's nothing in Adams that talks about which are the counts that remain, so the defendant had to dig into the district court record to say, aha, there was this 48-month sentence that wasn't set aside. But there's nothing about the existence of that 48-month sentence that would have altered the court's authority to reduce the sentence on the two guidelines counts that did change. If the court could do that in Adams, it should be able to do so here. So the court did have authority to correct the sentence. That's what it actually did, and that was not an abuse of discretion. And you don't think he was entitled to be heard on the issue of upward variance? Defendants normally don't. Did he have a constitutional right to be present and heard when the district court was going to vary upward? No, because the court indeed reduced and corrected. This was a remedial lowering of a sentence. Thank you, Your Honor. Thank you. Mr. Kahn, you'd reserve five minutes. Thank you, Your Honor. Just a couple brief notes. First, I feel like there's some conflating going on here between the terms of vacating and correction. Section 2255B is very clear. There are two steps here. You first vacate and set aside the judgment. That's all 2255s. Then you can correct or resentence. So if the government's argument is that there wasn't a vacater, that is an error itself. There had to be a vacater. It's not your contention, is it, that because vacature is always step one, that necessarily people whose sentences are vacated at step one under 2255 always get a resentencing hearing? No, not at all. The case law in Jackson and Taylor are clear. The rule is when your entire sentencing package is set aside, and that rule makes sense, because the idea is that you are now in the shoes of someone who has never been sentenced before. What about counsel's—I confess I hadn't thought about this before—but what about counsel's note there at the end that the restitution wasn't messed around with, no new PSR, all that stuff? Is that part of the sentencing package, or are we just talking about imprisonment? I think it is part of the sentencing package, but it was reimposed. It wasn't changed at all. The sentence was vacated. A new sentence was reimposed. But I guess, is that somewhat more formalistic than I had thought before, if he just reimposed the same term of restitution, the same restitutionary term in the sentence? Actually, I don't think Mr. Brown had any restitution. I may be incorrect about that. And I might have put words in her mouth, but I thought that's what she said. I don't remember, to be honest, Your Honor. I want to just inquire about what Judge Newsom's asked a little bit further. The pre-sentence report is not part of the sentencing package, is it? I can understand that a sentence of X period of time in jail is certainly at the guts of it. A fine would be part of the sentence. An order of restitution would be part of the sentence. And an order of forfeiture would be part of the sentence, right? Correct, Your Honor. But the PSR itself, the investigative report, would not be part of the sentence itself, although it certainly informs the sentence. Would that be fair? That would be fair. Okay, so let's go back over the point that Ms. Taylor made, which is that, hold aside the PSR, because I think that's a make-weight argument, but fine, restitution, that stuff would not be, right? That's part of the sentencing package. Yes, Your Honor, it is. Was that, in this case, altered in any way? No, Your Honor. I mean, the entire sentence was vacated. Right, but when it was re-imposed, when the new sentence was imposed, we all agree under 2255, it is by definition vacator, because that's what Congress called it. Yes, Your Honor. So that's easy. Yes, Your Honor. And we all agree that the mere fact of labeling it vacator doesn't inevitably yield the right to be present. Correct, Your Honor. So what does, just so I get it, if he vacates the sentence and re-imposes restitution and a fine the same way he had done in round one, but comes up with a whole new jail term, is that the entire sentencing package? See, I'm having trouble with this language that we used in Jackson in trying to apply it. I think what Your Honor is asking, and forgive me if I'm putting words in your mouth, what is a sentencing package? And a sentencing package is a bundle of sanctions. Typically, we talk about sentencing packages in terms of multi-count cases. One sentence is undone, the whole bundle may be undone. But colloquially speaking, a package can be a single-count case. Taylor makes that point clear. The package is the term of imprisonment,  that's a package of sanctions. Yeah, but what I'm asking about is, if he re-imposes two of the same sanctions, i.e. restitution and a fine, but comes up with a wholly different scheme for incarceration, was the entire package altered, or were only two important pieces altered? The entire package was vacated. That the district court chose to re-impose some of the same penalties doesn't... Now we're in a circle, Taylor. The problem with what you're saying is then, it inevitably yields the conclusion that whenever there's a vacator and a new sentence is imposed, that yields the requirement that the defendant be present. And you're not saying that. So somehow you have to tell me, when does he get a right to be there constitutionally, and when doesn't he? I see my times have expired. You take your time on it, it's an important point. Speaking for myself, I'm just looking for some guidance here. Because an entire package includes, one, two, three, four, five. Sentence, period of supervised release, fine, restitution, maybe forfeiture. Five pieces that hold that up. And yet, the judge says, okay, vacator under 2255, step one. New sentence, I'm correcting it, changing it, altering it, call it what you want. And in the process of doing that, I'm going to give you a whole new jail term. But otherwise, I'm not altering the fine, the restitution, or let's just assume hypothetically, the forfeiture. The entire package has not been changed. Two critical pieces have been changed. And yet the language appears in Jackson, where the entire sentencing package has not been set aside. A correction of an illegal sentence does not constitute a resentencing requiring the presence of a defendant. I'm not sure I find that language helpful, is all I'm really trying to say. And I'm just looking to have you give me some guidance here. A couple points, Your Honor. The rule is, constitutionally speaking, two requirements. The entire sentence is vacated. And two, the court has the discretion to do something, so defense presence wouldn't be useless if it was just a ministerial act. So, one, the entire sentence is vacated, it's light, white, clean. And two, the court has the discretion to do something. Now, to your point about, well, what do you do when these other components aren't changed? Well, just because they aren't changed doesn't mean the sentence for those, or those penalties weren't vacated. They were vacated. They were just reimposed. So, the entire sentence package was vacated. The fact that he got the same penalties anew in certain components doesn't change the fact of vacater. So, your interpretation of entire sentencing package necessarily turns on counts. It has nothing to do with what you described as the colloquial understanding of entire sentencing package. That's correct, Your Honor. And that's because 2255 and the case law interpreting 2255 deals in sentences, not components of sentences. So, you can get a sentence vacated but not a component on one sentence vacated and leave the other components in place. You vacate one sentence, you're vacating the whole sentence. Mr. Conn, I have a question as well. So, now I'm looking at the judgment dated June 29, 2016 and the portion that says criminal monetary penalties. And it's interesting, I hadn't noticed this before, but they entered a new assessment of $100 which, you know, as a district judge every count of conviction, so he got a new assessment. I assume he had already been assessed under the old judgment and then the total fine was zero and the total restitution was zero. I mean, does that comport with your? Yes, Your Honor. The fact that the court reimposed $100 special assessment, I think they would just give him the credit for it for what he already paid previously because by technically vacating the original $100 he would essentially have a credit and then they would take that credit back when it was imposed again. All right. Thank you. Thank you, Your Honor. Thank you very much. Thank you both. Thank you very much. We'll call the second case.